UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYLWIN JOHNSON, JR., | Case No. 1:17-cv-00755-LJO-EPG (PC) |
| Plaintiff, | |
| v. | ORDER APPOINTING LIMITED PURPOSE COUNSEL |
| CALIFORNIA FORENSIC MEDICAL GROUP, et al., | |
| Defendants. | |

Aylwin Johnson, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The Court finds that the appointment of a second counsel for Plaintiff on a limited purpose basis is warranted. T. Kennedy Helm, IV, has agreed to be appointed counsel for Plaintiff on a limited purpose basis.

Accordingly, IT IS HEREBY ORDERED that:

1. T. Kennedy Helm, IV, is appointed as limited purpose counsel in the above-entitled matter.[1] This appointment is for the limited purpose of:
    a. Consulting with/securing a medical expert for Plaintiff;
    b. Obtaining statements from two percipient witnesses that are currently housed in Stanislaus County jail;

---

[1] Mr. Helm is appointed in addition to Sanjay Schmidt, not as a substitute for Sanjay Schmidt.

1

  c. Deposing Defendants Dr. Ho and R.N. Larranaga;

  d. Deposing Dr. Thomas Raley;

  e. Procuring medical records of all radiographic imaging of Plaintiff's injured hand from the date of injury through the present, as well as pre-incident images (if there are any); and

  f. Procuring relevant policies from Stanislaus County and California Forensic Medical group.

2. While the Court is appointing Mr. Helm to perform the above-listed tasks, at this time the Court is not approving any expenses. The expenses incurred in performing the above-listed tasks must be approved in advance and be necessary to Plaintiff's case, given that the reimbursement funds come directly out of the Court's Non-Appropriated Fund, which is the limited fund for the entire district for all non-appropriated matters. The Court notes that under General Order No. 558 § 3, paragraph B, "[i]n the event of settlement or other successful resolution of the case which results in a monetary award to the indigent litigant equal to or exceeding the reimbursed costs under this section, the indigent litigant through counsel shall reimburse the Fund for such out-of-pocket expenses allowed and reimbursed under this section." In other words, any expenses incurred will be reimbursed from any settlement or award to Plaintiff.

3. While the Court is appointing a second attorney to represent Plaintiff for the limited purposes described above, the Court will not approve duplicate expenses.

4. Mr. Helm's representation will terminate fifteen days after completion of all the above-listed tasks. If Mr. Helm wishes to increase the scope of his representation he may contact the Court's courtroom deputy via email at mrooney@caed.uscourts.gov. If the case proceeds to trial and Mr. Schmidt or Mr. Helm does not agree to represent Plaintiff at trial, the Court will consider appointing new counsel for Plaintiff, if deemed appropriate at that time.

5. Appointed counsel shall notify Sujean Park at (916) 930-4278, or via email at

spark@caed.uscourts.gov, if he has any questions related to the appointment.

6. The Clerk of Court is directed to serve a copy of this order to: Helm Law Office, MacArthur Annex, 644 40th Street, Suite 305, Oakland, CA 94609.

IT IS SO ORDERED.

Dated: **March 25, 2019**　　　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE